15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Froyland VALLADOLID-MORENO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70063.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1993.
Decided Jan. 3, 1994.
As Amended on Denial of Rehearing
March 11, 1994.
 
 Before: WALLACE, Chief Judge, GARTH* and WIGGINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Valladolid-Moreno petitions for review of the Board of Immigration Appeals' (Board) decision denying him a discretionary waiver of deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182, after he was found to be deportable under 8 U.S.C. Sec. 1251(a)(4) based on his convictions of two crimes of moral turpitude, including one murder.
 
 
 2
 We review the Board's decision for abuse of discretion. Ayala-Sanchez v. INS, 944 F.2d 638, 642 (9th Cir.1991). The Board's credibility findings are reviewed for substantial evidence, and rejection of testimony for lack of credibility must be accompanied by a "specific and cogent reason for the rejection." De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990). The Board's fact-finding is also reviewed for substantial evidence. Yepes-Prado v. INS, No. 91-70114, slip op. 12801, 12807 (9th Cir. Nov. 12, 1993). We deny the petition.
 
 
 3
 In determining whether an alien warrants section 212(c) relief, the Board balances the social and humane considerations presented in an applicant's favor against the adverse factors that evidence the applicant's undesirability as a permanent resident. Id. at 12806. "Where a 212(c) petitioner has committed a particularly grave criminal offense, he must make a heightened showing that his case presents unusual or outstanding equities." Id. at 12807.
 
 
 4
 Valladolid-Moreno argues that the Board abused its discretion in its balancing the factors of his case. The Board's decision must be supported by a "reasoned explanation based on legitimate concerns." Id. at 12812, quoting Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987). The Board must indicate how it weighed the factors involved and how it arrived at it conclusion. Id. at 12817.
 
 
 5
 Our review of the Board's decision indicates that it met these requirements. The Board viewed Valladolid-Moreno's murder conviction and history of other misconduct as grave adverse factors, in light of which it did not believe that the factors in Valladolid-Moreno's favor amounted to the required unusual or outstanding equities. This conclusion is reasonable and well supported.
 
 
 6
 Nor do we think that the Board neglected to "consider the relative seriousness of the particular conduct of which the petitioner was convicted." Id. at 12818. The Board discussed the circumstances surrounding the murder, and based on its assessment of petitioner's credibility and the fact that no one else was prosecuted, refused to accept conclusively that Valladolid-Moreno was solely an accomplice.
 
 
 7
 In part because the Board found Valladolid-Moreno's testimony to be lacking in credibility, it did not credit his claim of rehabilitation as a favorable factor. Valladolid-Moreno contests this negative credibility finding, principally because it is adverse to the finding made by the immigration judge. However, the Board is entitled to make its own credibility finding, Cardoza-Fonseca v. INS, 767 F.2d 1448, 1455 (9th Cir.1985), aff'd 480 U.S. 421 (1987), which we must affirm if supported by substantial evidence. Valladolid-Moreno has an admitted history of lying to immigration officials. In addition, the Board explained that it found his testimony to be vague and self-serving. These reasons are sufficient to support the Board's negative credibility finding.
 
 
 8
 Finally, Valladolid-Moreno takes issue with the Board's understanding of the facts. First, he argues that his employment history is not "sporadic" as the Board stated. We take the Board to mean that Valladolid-Moreno's employment history does not present an outstanding equity, since he has been incarcerated for several years and unable to remain part of the work force during that time. This interpretation of the facts is not erroneous.
 
 
 9
 Second, he argues that the Board overstated the extent of his criminal history by erroneously stating that he had two extra convictions--one additional assault and one additional drunk driving conviction, though neither of these convictions appear in an official record. The Board's inclusion of these convictions in its balancing does not require us to remand for the Board to reweigh the equities. The reasoning of the Board's decision focused on the gravity of the murder committed by Valladolid-Moreno, rather than focusing separately on each of the other negative behaviors he engaged in. The weighing of the equities would not be significantly affected if the additional assault and drunk driving offenses were removed.
 
 
 10
 We conclude the Board did not abuse its discretion, and we therefore deny the petition for review.
 
 
 11
 PETITION DENIED.
 
 
 
 *
 Honorable Leonard I. Garth, United States Circuit Judge, Third Circuit Court of Appeals, sitting by designation